Jasen, J.
(dissenting). I dissent and vote to affirm the order of the Appellate Division. I would hold that the record discloses sufficient evidence to sustain the Family Court finding that the natural father "has in fact abandoned all obligations and responsibilities of parenthood in this case. His failure to pay any support in over two years, coupled with the fact that he has seen the child on only two or three occasions during the same period of time amply and fully demonstrate to the Court the abandonment of his parental responsibilities and *393 obligations.” Where, as here, this finding of fact is affirmed by the Appellate Division, this court is bound, by constitutional mandate, to accept those facts.
In 1975, the Legislature, in enacting subdivision 6 of section 111 of the Domestic Relations Law intended to relax the burden of proof previously required for involuntary termination of parental rights. (Matter of Susan W. v Talbot G., 34 NY2d 76.) Despite this recent change in statutory law, the majority holds that "there remains a heavy burden * * * on one who would terminate the rights of a natural parent through adoption” which "on this record * * * has not been satisfied.” I cannot agree. A parent’s obligation to a child is a positive duty that requires affirmative performance. Thus, when it is shown, as both courts below found, that the natural father had failed to pay any support for the child in over two years and that he had seen the child on only two or three occasions during the same period, even though he resided in the same area, the "heavy” burden of proof has been met.
While the father may state a desire to retain his parental rights, his actions, over a sufficiently long period, in refusing or failing to perform parental duties, speak louder than his words.
Chief Judge Breitel and Judges Gabrielli, Jones Wachtler and Fuchsberg concur with Judge Cooke; Judge Jasen dissents and votes to affirm in a separate opinion.
Order reversed, without costs, the petition for adoption dismissed, and the matter remitted to the Family Court, Chenango County, for further proceedings in accordance with the opinion herein.